PETERSON and another, Appellants, v. INDUSTRIAL COMMIS-
SION and another, Respondents.

*February 6—March 3, 1959.*

For the appellants there was a brief by *Everson, Ryan, Whitney & O'Melia* of Green Bay, and oral argument by *John C. Whitney*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan, Beatrice Lampert,* and *John H. Bowers,* assistant attorneys general, and oral argument by *Mr. Bowers*.

BROADFOOT, J. The sole question presented upon this appeal is whether or not the Industrial Commission acted in excess of its powers in making findings of fact not supported by credible evidence.

At the time of the accident the applicant was working for Peterson in the construction of a built-up roof on a building in the city of Manitowoc. The roof was flat. Just prior to the accident the applicant was standing on the roof with his left foot about four inches from a parapet wall. His immediate duty was to reach out about one and one-half feet for a 60-pound roll of roofing felt and to deposit it on the roof. He had the roll of roofing in his right hand and was turning to his right when his left foot slipped on some ice. He did not fall but felt a crick in his back, approximately at the level of the beltline. Within ten or fifteen minutes he felt a severe pain in that area.

The accident happened about ten o'clock in the forenoon. The applicant worked until noon and in the evening consulted a doctor. He remained away from work for two and one-half days. He worked then until June 5, 1956, when he con-

sulted another doctor. During that time he had decreasing pain in the back but began having pain in his left leg, together with a weakness in the left leg. He was placed in the hospital under traction and given treatments. He returned to the hospital on November 1, 1956, and on November 5th, was operated on for a herniated disc in his back.

There was medical testimony that the injury was caused by the accident. At the hearing before the examiner the applicant testified that he felt an immediate pain after his foot slipped. Upon cross-examination he was confronted with a statement he had given to a representative of the employer's insurance carrier, wherein he had stated that he did not feel anything right away except for a crick in his back, and about ten or fifteen minutes after the accident he started feeling a very sharp pain in his back. Thereupon he changed his testimony to correspond with the statement he had given the insurance adjuster. Upon cross-examination the applicant further testified that at the time he reached for the roll of roofing he was standing up straight.

The medical testimony that the herniated disc resulted from the accident was based upon the assumption that there was some twisting or bending of the body. Upon cross-examination the doctor testified that it would be unlikely that a herniated disc would result if the applicant was standing up straight.

These two incidents are the basis for the entire argument of the employer. The argument fails entirely when the record is reviewed. The fact that the applicant was standing up straight when he reached for the roll of roofing does not mean that he was standing erect when injured. The argument is neither based on the record nor on common knowledge. The record is consistent that applicant suffered an immediate crick in his back after slipping. The word "crick" may not be a medical term but it is defined in Webster's New International Dictionary (2d ed. unabridged), as "a painful

spasmodic affection of the muscles of some part of the body, as of the neck or back, rendering it difficult to move the part." The medical testimony was consistent that the accident caused the injury whether there was immediate severe pain or whether the pain became severe after ten or fifteen minutes. The applicant was thirty-eight years of age at the time of the hearing, and had never had back trouble or injury before the accident. The continuity of his symptoms after the injury confirms the finding that the herniated disc resulted from the accident. That fact, also, was established by medical testimony. There was ample credible evidence to sustain the findings and award made.

*By the Court.*—Judgment affirmed.